IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUDI GONZALEZ, | : | |
| Petitioner, | : | |
| | : | 1:14-cv-2164 |
| v. | : | |
| | : | Hon. John E. Jones III |
| JUAN BALTAZAR, | : | |
| Respondent. | : | |

**MEMORANDUM**

**January 9, 2015**

Petitioner, Rudi Gonzalez, an inmate currently confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1). He challenges a conviction and sentence imposed by the United States District Court for the Southern District of New York.  For the reasons set forth below, the petition will be dismissed.

I.     BACKGROUND

On March 20, 2000, Gonzalez pled guilty to a superseding information.  The superseding information charged him with the following three (3) counts: participating in a conspiracy to distribute five (5) kilograms, and more, of cocaine, and one (1) kilogram, and more, of heroin, in violation of 21 U.S.C. § 846; distributing and possessing with intent to distribute five (5) kilograms, and more,

of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A); and distributing and possessing with intent to distribute one (1) kilogram, and more, of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). *United States v. Gonzalez*, Criminal Action No. 1:00-cr-00054 (U.S.D.C. S.D.N.Y. 2000). Subsequent to his guilty plea, Gonzalez was released on bail. In June 2000, the Government learned that Gonzalez fled the United States and an arrest warrant was issued. Nine (9) years later, Gonzalez was located and arrested in the Dominican Republic. Gonzalez waived extradition and was returned to the United States. *See Gonzalez v. United States*, 2012 WL 3583161 (S.D.N.Y. 2012).

     Gonzalez was sentenced on November 5, 2009 by the United States District Court for the Southern District of New York. *Gonzalez*, Criminal Action No. 1:00-cr-00054 at (Doc. 29). Based on the offense level and criminal history category, the sentencing range was 235 to 293 months' imprisonment. Gonzalez argued that he was entitled to safety-valve relief and requested a sentence below the recommended range. The Court denied his request for safety-valve relief, but granted a downward variance from the sentencing range and sentenced Gonzalez to a 216 month term of imprisonment on each count, to run concurrently. Gonzalez appealed his sentence and argued that the Court wrongly denied his request for safety-valve relief. Upon the Government's motion, the Second Circuit Court of

Appeals vacated the sentence and remanded for resentencing and further findings regarding Gonzalez's request for safety-valve relief.  *See Gonzalez*, 2012 WL 3583161.

In October 2010, Gonzalez was resentenced and the District Court determined that he was eligible for safety-valve relief.  *See Gonzalez*, 2012 WL 3583161.  At resentencing, Gonzalez also argued that he was entitled to a three-level reduction for acceptance of responsibility, however the Court denied this request.  *Id.*  Based on the offense level, Gonzalez's sentencing range was 188 to 235 months' imprisonment.  *Id.*  The Court again sentenced Gonzalez to a 216 month term of imprisonment on each of the three counts, to run concurrently.  *Gonzalez*, Criminal Action No. 1:00-cr-00054 at (Doc. 34).  The Judge noted that he was not obligated to sentence Gonzalez below the mandatory minimum simply because he qualified for safety-valve relief.  *See United States v. Gonzalez*, 440 Fed. Appx. 34, 37 (2d Cir. 2011).

Gonzalez appealed the amended judgment.  On appeal, the Second Circuit Court of Appeals affirmed the amended judgment of sentence.  *Gonzalez*, 440 Fed. Appx. 34.

On November 28, 2011, Gonzalez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  *Gonzalez v. United States*, Civil Action

No. 1:11-cv-08650 (U.S.D.C. S.D.N.Y. 2011).  By Opinion and Order dated August 21, 2012, the District Court denied Gonzalez's § 2255 motion.  *Gonzalez*, 2012 WL 3583161.  On October 11, 2012, Gonzalez filed a notice of appeal from the District Court's August 21, 2012 decision.  *Gonzalez*, Civil Action No. 1:11-cv-08650 at (Doc. 7).  On April 17, 2013, the Second Circuit Court of Appeals denied Gonzalez a certificate of appealability, ("COA"), and dismissed his appeal.  *Id.* at (Doc. 8).

On July 9, 2013, Gonzalez filed a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  *Gonzalez v. United States*, Civil Action No. 1:13-cv-04902 (U.S.D.C. S.D.N.Y. 2013).  On July 26, 2013, the District Court transferred the § 2255 motion to the Second Circuit Court of Appeals for authorization to pursue a successive motion.  *Id.* at (Doc. 3).  In November 2013, the Second Circuit Court of Appeals denied the request for leave to file a successive § 2255 motion and found that Gonzalez failed to meet the criteria in § 2255(h).[1]  *Id.* at (Doc. 5).  The Court of Appeals subsequently noted that Gonzalez

---

[1] 28 U.S.C. § 2255(h) provides as follows:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the

filed a supplemental request for a certificate of appealability. The Court of Appeals denied the supplemental motion for a COA, and stated that a "COA motion is not required when seeking leave to file a successive § 2255 motion and the matters discussed in the supplemental COA motion do not alter any of the conclusions." *Id.* at (Doc. 6).

In March 2014, Gonzalez filed a motion under Federal Rule of Civil Procedure 60(b) in the District Court for the Southern District of New York, seeking relief from the Court's denial of his first § 2255 motion. *Gonzalez*, Civil Action No. 1:11-cv-08650 at (Doc. 12). The District Court determined that the Rule 60(b) motion raised no grounds for relief.[2] *Id.* at (Doc. 13). The District Court construed the motion as a successive § 2255 motion and transferred it to the Second Circuit Court of Appeals for permission to pursue the application. *Id.* at (Doc. 14). On October 17, 2014, the Court of Appeals denied the motion for leave to file a successive § 2255 motion. *Id.* at (Doc. 15).

---

      movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[2] The District Court's Order was docketed in both of Gonzalez's § 2255 cases. *See Gonzalez v. United States*, Civil Action No. 1:11-cv-08650 at (Doc. 13); *Gonzalez v. United States*, Civil Action No. 1:13-cv-04902 at (Doc. 7).

On December 11, 2014, the Second Circuit Court of Appeals entered an Order regarding Gonzalez's second § 2255 motion. *Gonzalez*, Civil Action No. 1:13-cv-04902 at (Doc. 9). The Court of Appeals noted that Gonzalez failed to request an application to file a second or successive petition and therefore denied the underlying petition. *Id.*

On November 7, 2014, Gonzalez filed the instant petition for writ of habeas corpus. (Doc. 1). He seeks relief via 28 U.S.C. § 2241 asserting that "(1) The sentence was imposed in violation of law; (2) Was imposed as a result of an incorrect application of the sentencing guidelines; (3) Ineffective assistance of counsel; (4) Prosecutorial misconduct; and (5) Newly discovery [sic] evidence." (Doc. 1, p. 10). He argues that he was sentenced in violation of *Apprendi v. New Jersey*[3] and *Blakely v. Washington*[4], and that he is entitled to a resentencing under *United States v. Booker*[5]. (Doc. 1, pp. 11-16).

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[4] *Blakely v. Washington*, 542 U.S. 296 (2004) (extending the holding in *Apprendi* to Washington's sentencing procedure).

[5] *United States v. Booker*, 543 U.S. 220 (2005) (applying *Blakely* to persons in federal custody to hold that the mandatory enhancement of a sentence under the Guidelines, based on facts not found by a jury, violates the Sixth Amendment).

## II.     STANDARD OF REVIEW - SCREENING

Habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Patton v. Fenton*, 491 F. Supp. 156, 158 (M.D. Pa. 1979) (Nealon, J.). "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 WL 3715717, *1 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)).

## III.    DISCUSSION

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *OKereke v. United States*, 307 F.3d 117, 122-23 (3d Cir. 2002). Section 2255 "channels collateral attacks by federal prisoners to the sentencing court rather than to the court in the district of confinement so that they can be addressed more efficiently."

*Fraser v. Zenk*, 90 Fed. Appx. 428, 430 n.3 (3d Cir. 2004), *citing United States v. Hayman*, 342 U.S. 205, 210-19 (1952).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *OKereke*, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.'" *Yuzary v. Samuels*, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* Section 2255 may be inadequate or ineffective where the prisoner is imprisoned for conduct that the Supreme Court later determines is not criminal and where the prisoner did not have an opportunity to raise his claim in a § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition

must be dismissed for lack of jurisdiction." *Id.*, *citing Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.").

Gonzalez has already filed two (2) motions pursuant to § 2255 in the United States District Court for the Southern District of New York. Additionally, he has filed requests in the Second Circuit Court of Appals seeking permission to file second or successive § 2255 motions, and the requests have been denied. The United States Court of Appeals for the Third Circuit has made it clear that the simple inability to "meet the stringent gatekeeping requirements" does not permit the petitioner in a case to proceed under section 2241 in order to avoid those requirements. *Okereke*, 307 F.3d at 120-21; *In re Dorsainvil*, 119 F.3d at 251. *See also United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture.").

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Gonzalez's reliance on the Supreme Court's decision in *Apprendi* does not fall within the *Dorsainvil*

9

exception so as to permit his § 2241 habeas petition to move forward. In *Apprendi*, the United States Supreme Court held that, other than a prior conviction, any fact that increases the penalty for a crime must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. Gonzalez's claim, that the sentencing court violated the Sixth Amendment, as interpreted in *Apprendi*, by failing to submit a fact that increased his mandatory minimum sentence to a jury, is within the scope of claims cognizable under § 2255. As the Third Circuit Court of Appeals held in *Okereke,* a District Court lacks jurisdiction to entertain an *Apprendi* claim under § 2241. Accordingly, this Court lacks jurisdiction to entertain Gonzalez's *Apprendi* claim brought under § 2241.

Additionally, it follows that § 2255 is not an inadequate or ineffective mechanism for Gonzalez to raise a *Booker* claim. *See United States v. Padilla*, 190 Fed. Appx. 119, *1 ("claims under *Blakely* and *Booker* are not sufficiently distinguishable from a claim under *Apprendi* to meet the *In re Dorsainvil* exception and permit [petitioner] to seek relief under § 2241"); *Johnson v. Williamson*, 2008 WL 591236, *3 (M.D. Pa. 2008) ("habeas claims based on *Booker* do not present the 'rare' case in which a § 2255 motion is inadequate or ineffective...") (citations omitted).

If a petitioner improperly challenges a federal conviction or sentence under

section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.  *See Podlog v. Warden Fort Dix FCI*, 574 Fed. Appx. 72, 73 (3d Cir. 2014) ("Section '2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument'") (citing *Okereke*, 307 F.3d at 121).  Accordingly, the § 2241 petition will be dismissed for lack of jurisdiction.

    A separate Order follows.